[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Klembus,* Slip Opinion No. 2016-Ohio-1092.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1092

THE STATE OF OHIO, APPELLANT, *v.* KLEMBUS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Klembus,* Slip Opinion No. 2016-Ohio-1092.]

*Criminal law—Operating a vehicle while under the influence—Trial court's application of R.C. 4511.19(G)(1)(d) and 2941.1413 to OVI offender with five OVI convictions in preceding 20 years did not violate equal protection—Court of appeals' judgment reversed.*

(No. 2014-1557—Submitted November 17, 2015—Decided March 22, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 100068, 2014-Ohio-3227.

_____

SYLLABUS OF THE COURT

The application of R.C. 4511.19(G)(1)(d) and 2941.1413 to OVI offenders with five or more OVI convictions in the preceding 20 years does not violate equal protection.

_____

**LANZINGER, J.**

{¶ 1} In this discretionary appeal, we are asked to examine two statutory provisions that relate to the offense of operating a vehicle while under the influence ("OVI") when the offender has had five or more OVI convictions in the past 20 years: a portion of R.C. 4511.19(G)(1)(d), which raises the OVI offense to a fourth-degree felony, and R.C. 2941.1413 (the "repeat-OVI specification"), which requires a mandatory additional prison term of one, two, three, four, or five years. We are asked to decide whether raising the felony level for an OVI offense and imposing a sentencing enhancement on a specific class of OVI offenders violates the right to equal protection.

{¶ 2} We hold that the two statutes are part of a logical, graduated system of penalties for recidivist OVI offenses. They are rationally related to the protection of the public and punishment of offenders and therefore do not violate equal protection.

## RELEVANT BACKGROUND

{¶ 3} In 2012, appellee Dean Klembus was arrested for driving while under the influence of alcohol and was charged with violating R.C. 4511.19(A)(1)(a) (driving under the influence of alcohol) and 4511.19(A)(1)(h) (driving with a breath-alcohol concentration over 0.17 percent). He had been convicted of OVI offenses in 2008, 2004, 2000, 1997, and 1992. Because he had been convicted of OVI five times in the previous 20 years, Klembus was charged with two fourth-degree felonies under R.C. 4511.19(G)(1)(d) as well as the repeat-OVI specification described in R.C. 2941.1413 for each offense.

{¶ 4} Klembus moved to dismiss the repeat-OVI specification attached to each count. He argued that R.C. 2941.1413 violates equal protection because it allows the state to seek greater punishment without providing proof beyond that required to trigger R.C. 4511.19(G)(1)(d). The trial court denied the motion to dismiss, and Klembus pled no contest to both counts. The court found him guilty

2

and merged the two counts. After the state elected to proceed on the count of driving under the influence, the trial court imposed a prison term of two years: one year for the OVI offense and one year for the repeat-OVI specification, to be served consecutively. Klembus appealed.

{¶ 5} The Eighth District Court of Appeals reversed in a two-to-one decision. Based on its reading of *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), the court first held that criminal statutes violate equal protection if they require identical proof yet impose different penalties. 2014-Ohio-3227, 17 N.E.3d 603, ¶ 19-20. Turning to R.C. 2941.1413, the court noted that only fourth-degree-felony OVI offenders charged with the repeat-OVI specification are subjected to multiple additional penalties without proof of additional factors. *Id.* at ¶ 21. The court also observed that nothing in R.C. 2941.1413 requires that the specification be charged uniformly against all similarly situated repeat OVI offenders. *Id.* at ¶ 23. Therefore, the court concluded, the specification is not rationally related to the objective of protecting the public and punishing offenders because it is not uniformly imposed on all similarly situated offenders. *Id.* Accordingly, the court held that R.C. 2941.1413 violates equal protection, and remanded the matter with instructions to vacate the repeat-OVI specifications attached to Klembus's charges. *Id.* at ¶ 23, 27.

{¶ 6} The state appealed, and we accepted jurisdiction over the following two propositions of law:

> 1. The repeat OVI specification codified in R.C. 2941.1413(A) is facially constitutional under the Equal Protection Clause of both the United States and Ohio Constitutions.
>
> 2. When a defendant's conduct violates multiple criminal statutes, the government may prosecute under either, even when the two statutes prohibit the same conduct but provide for different

penalties, so long as the government does not discriminate against any class of defendants based upon an unjustifiable standard.

*See* 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080.

## LEGAL ANALYSIS

**{¶ 7}** Applying the traditional standard of review, which requires only that a legislative classification bear some rational relationship to a legitimate state purpose, we hold that R.C. 2941.1413 and the provisions of R.C. 4511.19(G)(1)(d) at issue in this case are constitutional.

### *Equal protection—rational-basis review*

**{¶ 8}** The Equal Protection Clauses of both the United States and the Ohio Constitution guarantee that no one will be denied the same protection of the laws enjoyed by others in like circumstances. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 6 (quoting Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution). Equal protection does not forbid the legislature from making classifications but simply prohibits "treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). The standards for assessing equal-protection claims are essentially the same under the state and federal constitutions. *McCrone* at ¶ 7.

**{¶ 9}** Klembus's constitutional challenge does not involve a suspect classification or a fundamental interest; we therefore apply rational-basis review to R.C. 2941.1413 and the portion of R.C. 4511.19(G)(1)(d) that raises an OVI offense to a fourth-degree felony. *See id*. at ¶ 8. To survive rational-basis review, the repeat-OVI specification must bear a rational relationship to a legitimate government interest. *See id.*

*Ohio's OVI statutory scheme*

{¶ 10} The classifications and penalties applicable to Klembus's case must be understood in the context of all those applicable to similarly situated repeat OVI offenders governed by R.C. 4511.19(G)(1).

{¶ 11} For those with one or two misdemeanor OVI convictions in the past six years, the offense is a first-degree misdemeanor. R.C. 4511.19(G)(1)(b) and (c). For those with three or four misdemeanor OVI convictions in the past six years and those with five or more misdemeanor OVI convictions in the past 20 years, the offense is a fourth-degree felony. R.C. 4511.19(G)(1)(d). For an offender with one or more previous felony-level OVI convictions (regardless of when the violation or violations occurred), an OVI offense is a third-degree felony. R.C. 4511.19(G)(1)(e). In short, the offense level of an OVI is, in part, graduated based on the number and type of previous OVI convictions within a specified period of time.

{¶ 12} The penalty for an OVI offense is also graduated based on the number and type of previous OVI convictions. Within the category of misdemeanor-level repeat OVI offenders, an OVI offender with one previous OVI offense in the past six years faces a maximum of six months in jail, R.C. 4511.19(G)(1)(b)(i), while an offender with two previous OVI offenses in the past six years faces a maximum of one year in jail, R.C. 4511.19(G)(1)(c)(i). For all fourth-degree-felony OVI offenses, the base maximum term of imprisonment is 30 months plus either 60 or 120[1] days. R.C. 4511.19(G)(1)(d)(i) and (ii). A third-degree-felony OVI offender faces a base maximum term of 36 months plus 60 or 120 days in prison. R.C. 4511.19(G)(1)(e)(i) and (ii); *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 24.

---

[1] Whether 60 or 120 days should be added depends on the amount of prohibited substances found in the offender's system at the time of the offense, R.C. 4511.19(A)(1)(a) through (j), and whether the offender refused to submit to chemical testing, R.C. 4511.19(A)(2).

{¶ 13} Within the category of felony-level offenders, additional penalties based on the number of previous OVI offenses are added through the R.C. 2941.1413 specification. The specification may be attached to a count alleging a fourth- or third-degree felony when the accused has a history of five or more OVI convictions in the preceding 20 years. It may not be attached to a count alleging a fourth-degree felony based on the existence of three or four OVI convictions in the past six years, nor may the repeat-OVI specification be attached to a count alleging a third-degree felony with fewer than five OVI convictions in the past 20 years.

{¶ 14} When the specification is applied, a mandatory prison term of one, two, three, four, or five years is imposed in addition to the base term of imprisonment for the underlying fourth- or third-degree OVI offense. With the specification applied, offenders found guilty of fourth-degree and third-degree OVI offenses can receive total maximum prison terms of 30 months plus five years or 36 months plus five years, respectively. In short, the penalty for an OVI offense is graduated based on the previous number and type of OVI convictions, and the most significant penalty increase is based on a recidivist history of five or more OVI convictions in the preceding 20 years.

**Wilson *is inapposite***

{¶ 15} Klembus observes that in order to raise an OVI offense to a third-degree-felony level and attach a repeat-OVI specification, both a prior felony OVI conviction and a history of five OVI convictions in the previous 20 years are required. But to raise an OVI to a fourth-degree felony and include the repeat-OVI specification, only five OVI convictions in the previous 20 years must be proven. He characterizes the higher felony level and the specification as cumulative punishment for identical conduct and argues that no rational basis exists for imposing such cumulative punishment solely against fourth-degree-felony repeat OVI offenders like him. Relying on *Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, the court of appeals accepted the argument that criminal offenses with identical

elements but different punishments always violate equal protection. 2014-Ohio-3227, 17 N.E.3d 603, at ¶ 20. But *Wilson* does not provide such a sweeping standard.

{¶ 16} In *Wilson*, the defendant challenged the constitutionality of the burglary statute and the aggravated-burglary statute, arguing that the two statutes imposed different punishments for identical criminal conduct and therefore violated equal protection. *Id.* at 55-56. This court framed the issue as "whether both statutes require the state to prove identical elements while prescribing different penalties." *Id.* at 55.

{¶ 17} This case, however, does not raise that issue. To define a criminal offense, a statute must prohibit specific conduct. R.C. 2901.03(B). Specifications such as R.C. 2941.1413 do not prohibit conduct; they add sentencing enhancements to the violation of a predicate statute that does prohibit conduct. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16. And a factor that merely increases the degree of the offense does not itself define the offense. *See Blackburn v. State*, 50 Ohio St. 428, 36 N.E. 18 (1893), paragraph three of the syllabus; *State v. Allen*, 29 Ohio St.3d 53, 55, 506 N.E.2d 199 (1987). Thus, although higher felony levels and specifications may increase the length of a sentence, they do not prohibit conduct. *See State v. Witwer*, 64 Ohio St.3d 421, 429, 596 N.E.2d 451 (1992).

{¶ 18} The mere status of having a history of OVI convictions is not a criminal offense in Ohio. The conduct prohibited in this case was Klembus's act of driving while under the influence in 2012. Because this case does not involve multiple criminal offenses, *Wilson*'s equal-protection analysis does not apply here.

***No equal-protection violation***

{¶ 19} It is well established that the government has a valid interest in combating recidivism. *Parke v. Raley*, 506 U.S. 20, 27, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962);

*Moore v. Missouri*, 159 U.S. 673, 678, 16 S.Ct. 179, 40 L.Ed. 3010 (1895). The only remaining question, and the proper test for Klembus's equal-protection challenge, is whether R.C. 4511.19(G)(1)(d) and 2941.1413 treat OVI offenders in Klembus's circumstances differently than other OVI offenders based on an arbitrary standard. *See Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 362, 653 N.E.2d 212 (1995).

{¶ 20} Klembus does not object to the differing overall prison terms that repeat OVI offenders might serve but rather, to the way in which the statutory scheme allows them to be calculated. He objects to the form of the statutes. But it is not inequality in mere form but inequality in substance and operation of a law that will cause an equal-protection violation. *See St. Louis Southwestern Ry. Co. v. State ex rel. Norwood*, 235 U.S. 350, 362, 35 S.Ct. 99, 59 L.Ed. 265 (1914).

{¶ 21} In substance and operation, R.C. 4511.19(G)(1) and 2941.1413 establish a graduated system of punishment for OVI offenders according to the number and seriousness of prior OVI convictions. An offender with five or more prior misdemeanor OVI convictions can logically receive a heavier penalty than one with four or fewer prior misdemeanor convictions. Similarly, another offender may receive a lesser penalty than someone with five or more OVI convictions that include felonies. That these different penalty levels might be devised through higher offense levels or sentencing enhancements or both becomes immaterial. Accordingly, Klembus's objections do not reveal differential treatment of OVI offenders in his circumstances based on arbitrary standards.

## CONCLUSION

{¶ 22} The application of R.C. 4511.19(G)(1)(d) and 2941.1413 to OVI offenders with five or more OVI convictions in the preceding 20 years does not violate equal protection. The resulting sentencing range for defendants in Klembus's position is not illogical or arbitrary when compared to the sentencing ranges for other repeat OVI offenders. The possibility of longer prison sentences

for those who continue to violate Ohio's OVI statute is rationally related to the state's legitimate interest in punishing offenders and protecting the public from the dangers of impaired driving.

{¶ 23} We reverse the judgment of the court of appeals and reinstate the trial court's order sentencing Dean Klembus to consecutive prison terms of one year for his OVI offense and one year for the repeat-OVI specification.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Brett S. Hammond, Assistant Prosecuting Attorneys, for appellant.

Robert Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Hannah C. Wilson, Deputy Solicitor, urging reversal for amicus curiae Ohio Attorney General Michael DeWine.

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, urging reversal for amici curiae Ohio Prosecuting Attorneys Association and Franklin County Prosecuting Attorney Ron O'Brien.

_____