[Cite as *State v. Burns*, 2016-Ohio-4885.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF CANTON | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos. 2015CA00163 |
| | : | 2015CA00164 |
| ROLAND K. BURNS III | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Canton Municipal
Court, Case No. 2015 CRB 2558 &
2015 CRB 2625

JUDGMENT:                                    AFFIRMED

DATE OF JUDGMENT ENTRY:          July 5, 2016

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

TYRONE HAURTIZ                              STEPHEN J. KANDEL
CANTON CITY PROSECUTOR            101 Central Plaza South, Suite 103
                                                         Canton, OH 44702
JENNIFER L. FITZSIMMONS
218 Cleveland Ave. SW
Canton, OH 44702

*Delaney, J.*

{¶1}   In Case Numbers 2015CA00163 and 2015CA00164, Defendant-Appellant Roland K. Burns III appeals his convictions and sentences by the Canton Municipal Court on four counts of Failure to Comply with an Order to Correct in violation of Canton Codified Ordinance 1351.03(l). Burns raises the same arguments in both appeals. The appeals are not consolidated, but for ease of discussion, we consider both appeals in one opinion. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

### *Canton Codified Ordinance 1351.03*

{¶2}   In 2011, the City of Canton adopted the 2006 edition of the International Property Maintenance Code. Canton Codified Ord. 1351.01(a). The owner of any non-owner occupied or vacant residential structure in Canton is subject to the interior and exterior requirements of the Code. Canton Codified Ord. 1351.01(b).

{¶3}   The City of Canton amended and supplemented the International Property Maintenance Code in Canton Codified Ord. 1351.03. Pertinent to this appeal, Canton Codified Ord. 1351.03(l) states as follows:

Section 106.4, Violation penalties, is amended to read: Any person failing

to comply with a notice of violation or order served in accordance with

Section 107 of this code shall be deemed guilty of a misdemeanor or civil

infraction as follows:

(1) If a notice or order is not complied with, a one hundred dollar ($100.00)

fine will be assessed.

(2) If a second notice or order for the same violation within a one (1) year period is not complied with, a two hundred fifty dollar ($250.00) fine will be assessed.

(3) If a third notice or order for the same violation within a one (1) year period is not complied with, a five hundred dollar ($500.00) fine will be assessed.

(4) The time restraints may be tolled by the Chief Building Official (or designee) due to inclement weather or type of violation.

(5) If a notice or order is not complied with, the violator will be charged with a first degree misdemeanor.

(6) Fines assessed pursuant to subparagraphs (1), (2) and (3) above, may be appealed to the Board of Building Appeals upon the payment of a one hundred dollar ($100.00) deposit for each building requested for appeal to the Canton Building Department. * * *

(7) Any appeal received after 20 days from post date of violation will not be accepted.

The violation shall be deemed a strict liability offense. If the notice of violation is not complied with, the Chief Building Official in conjunction with the Law Director shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of the provisions of this code or of the order or direction made pursuant thereto. Any action taken by the authority having jurisdiction on such premises shall be charged against the real estate upon which the structure is located and

shall be charged against the real estate upon which the structure is located and shall be a lien upon such real estate.

### *Appellant's Violations of Canton Codified Ordinance 1351.03*

{¶4}   Defendant-Appellant Roland K. Burns III owns four rental properties located in Canton, Ohio. On June 26, 2014, the Code Enforcement Division of the City of Canton notified Burns by letter that it documented violations at 1233 Oxford Avenue NW following a visual field inspection. The City of Canton ordered Burns to abate the violations by July 3, 2014. The letter instructed as follows:

> If the owner fails to correct the attached listed violations within the prescribed period of time permitted, the Chief Building Official will take the necessary actions. A $100.00 fine shall be imposed upon the property owner. Additional fines may be imposed if violations are not corrected. Whoever knowingly fails to comply with an order issued pursuant to Section 1351 shall be guilty of a minor misdemeanor on the first offense, on each subsequent offense such person shall be guilty of a misdemeanor of the fourth degree.

{¶5}   The letter notified Burns that he had the right to appeal the order pursuant to Canton Building Code 1351. The letter further stated that if the fines were not paid by Burns within 30 days after the date of the written notice, the City of Canton could recover the fines by an action at law or by assessment.

{¶6}   On July 3, 2014, the Code Enforcement Division of the City of Canton notified Burns by letter that it documented violations at his property located at 1003 Third Street NW. Burns was ordered to abate the violations by July 29, 2014. The letter further

notified Burns that if the violations were not abated by July 29, 2014, Burns would be subject to a $100.00 fine and possibly additional fines. The letter informed Burns that, "Whoever knowingly fails to comply with an order issued pursuant to Section 1351 shall be guilty of a minor misdemeanor on the first offense, on each subsequent offense such person shall be guilty of a misdemeanor of the fourth degree." Finally, the letter stated that if the fines were not paid within 30 days of the written notice, the fines could be recovered in an action at law or by assessment.

{¶7}   On November 18, 2014, the Code Enforcement Division notified Burns by letter there was an open complaint on his property located at 1338 Logan Avenue NW. The letter stated Burns failed to correct exterior violations and the property was referred to the Canton Law Department. Due to failed inspections, the property was assessed the following fines: 09/09/2013, $100.00; 04/22/2014, $250.00; 05/08/2014, $250.00; 11/17/2014, $500.00. Burns was ordered to pay the fines by December 18, 2014. The letter instructed Burns he had the right to appeal the fines pursuant to Canton Codified Ord. 1351. If the fines were not paid within 30 days of written notice, the fines could be recovered in an action at law.

{¶8}   On February 12, 2015, the Code Enforcement Division notified Burns by letter that it documented violations at his property located at Market Avenue North. Burns was ordered to abate the violations by February 17, 2015. The letter further notified Burns that if the violations were not abated by February 17, 2015, Burns would be subject to a $100.00 fine and possibly additional fines. The letter included the same language regarding the possible criminal penalties.

{¶9}   On June 15, 2015, the City of Canton charged Burns with four counts of Failure to Comply with an Order to Correct, a first-degree misdemeanor in violation of Canton Codified Ord. 1351.03(I). In Case No. 2015CRB2625, Burns was charged for his failure to correct code violations at 1003 Third Street NW and 1338 Logan Avenue NW (Appellate Case No. 2015CA00164). In Case No. 2015CRB2558, Burns was charged for his failure to correct code violations at 1233 Oxford Avenue NW and Market Avenue North (Appellate Case No. 2015CA00163). Burns pleaded not guilty to the charges and demanded a jury trial.

{¶10} Burns filed a motion to declare Canton Codified Ord. 1351.03(I)(5) void for vagueness, or in the alternative, to sever the vague portion. He argued the language of the ordinance was vague because it gave the City of Canton discretion to assess a fine based on a tiered schedule if a violator failed to comply with a notice to correct, or the City of Canton could charge the violator with a first-degree misdemeanor if a violator failed to comply with a notice to correct. The City of Canton could charge a first-time violator with a first-degree misdemeanor without first assessing a fine. The trial court overruled the motion.

{¶11} On August 17, 2015, Burns appeared in court and changed his plea to no contest. The trial court found Burns guilty on the four counts of Failure to Comply with an Order to Correct. The trial court sentenced Burns to the Stark County Jail for 59 days and ordered him to pay $961.00 in fines and costs. He was also ordered to correct all code violations.

{¶12} It is from this judgment Burns now appeals.

**ASSIGNMENTS OF ERROR**

{¶13} Burns raises three Assignments of Error:

{¶14} "I. CANTON CITY ORDINANCE 1351.03 IS UNCONSTITUTIONALLY VAGUE.

{¶15} "II. A PROSECUTION FOR A VIOLATION PURSUANT TO CANTON CITY ORDINANCE 1351.03(L)(5) IS BARRED BY THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶16} "III. CANTON CITY ORDINANCE 1351.03 VIOLATES THE CONSTITUTIONAL GUARANTEES OF EQUAL PROTECTION AND DUE PROCESS."

**ANALYSIS**

*I. VOID FOR VAGUENESS*

{¶17} In his first Assignment of Error, Burns claims he was denied due process of law because the ordinance he was charged with violating is void for vagueness. He contends the provisions in Canton Codified Ord. 1351.03(I) allowing the City of Canton to assess a progressive fine schedule or charge the violator with a first-degree misdemeanor is vague and overreaching.

{¶18} The void-for-vagueness doctrine ensures that individuals can ascertain what the law requires of them. *State v. Rober*, 6th Dist. Lucas No. L-14-1168, 2015-Ohio-5501, ¶ 18 citing *State v. Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991). In determining whether a statute or ordinance is void for vagueness, the court must consider whether the enactment "(1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." *Norwood v. Horney*, 110 Ohio

St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 84. A statute is not void for vagueness simply because it could have been worded more precisely or with additional certainty. *Rose v. Locke*, 423 U.S. 48, 49-50, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). "The critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law." *Norwood* at ¶ 86.

{¶19} In the present case, Burns does not raise the argument that Canton Codified Ord. 1351.03(l) failed to provide him with fair notice as to what conduct was prohibited. Burns argues the penalty section of Canton Codified Ord. 1351.03(l) is vague, allowing discriminatory enforcement by the City of Canton.

{¶20} The penalty section of Canton Codified Ord. 1351.03(l) states:

Section 106.4, Violation penalties, is amended to read: Any person failing to comply with a notice of violation or order served in accordance with Section 107 of this code shall be deemed guilty of a misdemeanor or civil infraction as follows:

(1) If a notice or order is not complied with, a one hundred dollar ($100.00) fine will be assessed.

(2) If a second notice or order for the same violation within a one (1) year period is not complied with, a two hundred fifty dollar ($250.00) fine will be assessed.

(3) If a third notice or order for the same violation within a one (1) year period is not complied with, a five hundred dollar ($500.00) fine will be assessed.

(4) The time restraints may be tolled by the Chief Building Official (or designee) due to inclement weather or type of violation.

(5) If a notice or order is not complied with, the violator will be charged with a first degree misdemeanor,

(6) Fines assessed pursuant to subparagraphs (1), (2) and (3) above, may be appealed to the Board of Building Appeals upon the payment of a one hundred dollar ($100.00) deposit for each building requested for appeal to the Canton Building Department. * * *

(7) Any appeal received after 20 days from post date of violation will not be accepted.

The violation shall be deemed a strict liability offense. If the notice of violation is not complied with, the Chief Building Official in conjunction with the Law Director shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of the provisions of this code or of the order or direction made pursuant thereto. Any action taken by the authority having jurisdiction on such premises shall be charged against the real estate upon which the structure is located and shall be charged against the real estate upon which the structure is located and shall be a lien upon such real estate.

{¶21} Burns contends there is a conflict in the language of the ordinance between the imposition of civil penalties or a criminal penalty for the failure to comply with a notice of violation. Burns states the ordinance allows the City of Canton to choose between a

civil or criminal penalty for the failure to comply with a notice, but also states in the same section that a violator will be charged with a criminal penalty. He contends the conflicting language in the ordinance fails to provide an explicit standard for enforcement and allows discriminatory enforcement.

{¶22} The United States Supreme Court stated:

It is a fundamental tenet of due process that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). A criminal statute is therefore invalid if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." * * * So too, vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute.

(Citations omitted.) *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); See also *State v. Mushrush*, 135 Ohio App.3d 99, 109, 733 N.E.2d 252, 259, (1st Dist.1999).

{¶23} There is a strong presumption that all legislative enactments are constitutional. *State v. Collier*, 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991). When it is alleged that a statute or ordinance is void for vagueness, all doubts must, if possible, be resolved in favor of its constitutionality. *Oregon v. Lemons*, 17 Ohio App.3d 195, 196, 478 N.E.2d 1007 (6th Dist.1984). We analyze the ordinance to determine whether it affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. "All legislative provisions

that relate to the same general subject matter must be read *in pari materia*, and in construing these provisions together, courts must harmonize and give full application to all provisions 'unless they are irreconcilable and in hopeless conflict.'" *Columbiana v. Frost*, 7th Dist. Columbiana No. 14-CO-38, 2016-Ohio-1057, ¶ 43 quoting *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 45.

{¶24} The plain language of Canton Codified Ord. 1351.03(l) states the City of Canton has the discretion to impose a civil or criminal penalty for the failure to comply with a notice to correct violations. Canton Codified Ord. 1351.03(l)(7) reads, "* * * If notice of violation is not complied with, the Chief Building Official in conjunction with the Law Director shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation, * * *." "Whether to prosecute and what charge to file * * * are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). In *Columbiana v. Frost*, the Seventh District Court of Appeals determined that a city income tax code permitted the City of Columbiana to impose a civil and criminal penalty for the failure to pay city income taxes:

> The tax code states that the taxpayer's failure to make any deferred payment when due shall cause the total unpaid amount, *including penalty and interest,* to become payable on demand *and* the civil penalties of § 880.11 *and* the criminal penalties of § 880.12 shall apply. (Emphasis added.) We interpret the conjunctive language of § 880.08(b) to mean that the taxpayer's failure to make a deferred payment allows the City of Columbiana to take three actions: (1) the total unpaid amount including

penalty and interest is payable on demand, (2) the City of Columbiana can pursue civil action under § 880.11, and (3) the City of Columbiana can pursue criminal action for violations of § 880.12. § 880.99(a) states the criminal penalties for a violation of the tax code, which are outlined in § 880.12. The language of § 880.08(b) and § 880.99 are not in conflict.

*Columbiana v. Frost*, 7th Dist. Columbiana No. 14-CO-38, 2016-Ohio-1057, ¶ 37

{¶25} The ordinance outlines the civil penalties for the failure to comply with a notice as a progressive fine schedule. Canton Codified Ord. 1351.03(l)(1)-(3). Fines assessed pursuant to the schedule may be appealed to the Board of Building Appeals. Canton Codified Ord. 1351.03(l)(6). In the alternative, the City of Canton may pursue a criminal action for the failure to comply with a notice. Canton Codified Ord. 1351.03(l)(5).

{¶26} Burns did not submit a transcript of his sentencing hearing. There is no information in the record of whether Burns appealed the fines assessed for the 1338 Logan Avenue NW property or if the City of Canton assessed fines for Burns's failure to comply with the notices for his three other properties.

{¶27} We find the language of the enforcement section of Canton Codified Ord. 1351.03(l) is clear and unambiguous to give a person of ordinary intelligence fair notice that if he or she fails to comply with a notice of violation, the violator will be deemed guilty of a misdemeanor or a civil infraction. The civil penalties are outlined in a progressive fine schedule and can be appealed. The possible criminal penalty is a first degree misdemeanor. The ordinance states the Chief Building Officer and the Law Director will institute the appropriate proceeding at law or in equity. The enforcement section of the ordinance is not unconstitutionally vague.

{¶28} The first Assignment of Error is overruled.

## II. DOUBLE JEOPARDY

{¶29} Burns argues in his second Assignment of Error that prosecution under the Canton Codified Ord. 1351.03(l) is barred by the Double Jeopardy Cause of the United States and Ohio Constitutions. We disagree.

{¶30} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense. The Ohio Supreme Court has recognized that "[t]he protections afforded by the two Double Jeopardy Clauses are coextensive." *State v. Carozza*, 2015-Ohio-1783, 33 N.E.3d 556, ¶ 16 (5th Dist.) quoting *State v. Martello,* 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7, citing *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996).

{¶31} The principle behind the Double Jeopardy Clause "'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *State v. Roberts,* 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, quoting *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The federal and state constitutions' double jeopardy protection further guards citizens against cumulative punishments for the "same offense." *State v. Moss,* 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982). "[T]he Double Jeopardy Clause does no more than prevent the

sentencing court from prescribing greater punishment than the legislature intended."
*Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983).

{¶32} The ordinance in the present case subjects the violator to criminal or civil penalties. Burns argues the progressive fine schedule is truly a criminal penalty. Both parties direct this Court to the United States Supreme Court's decision in *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), which established a two-part test for determining whether a penalty is a criminal penalty for double jeopardy purposes:

> In *Hudson,* 522 U.S. at 96, 118 S.Ct. 488, 139 L.Ed.2d 450, the United
> States Supreme Court reaffirmed the two-part test for determining whether
> a particular penalty is a "criminal punishment" for double jeopardy purposes
> that was set forth in *United States v. Ward* (1980), 448 U.S. 242, 248–249,
> 100 S.Ct. 2636, 65 L.Ed.2d 742. Under this test, the first question to be
> answered is "whether the legislature, 'in establishing the penalizing
> mechanism, indicated either expressly or impliedly a preference for one
> label or the other.' " *Hudson,* 522 U.S. at 99, 118 S.Ct. 488, 139 L.Ed.2d
> 450, quoting *Ward,* 448 U.S. at 248, 100 S.Ct. 2636, 65 L.Ed.2d 742.
> Second, even in those cases where the legislature has indicated an
> intention to establish a civil penalty, the United States Supreme Court has
> inquired further whether the statutory scheme was so punitive in purpose or
> effect as to transform what was clearly intended to be a civil remedy into a
> criminal penalty. *Hudson,* 522 U.S. at 99, 118 S.Ct. 488, 139 L.Ed.2d 450;
> *State v. Uskert* (1999), 85 Ohio St.3d 593, 597, 709 N.E.2d 1200.

*State v. Martello*, 97 Ohio St.3d 398, 402-03, 2002-Ohio-6661, 780 N.E.2d 250, 255, ¶ 18.

{¶33} Canton Codified Ord. 1351.03(l) indicates that any person failing to comply with a notice of violation shall be deemed guilty of a misdemeanor or civil infraction. The ordinance next outlines the progressive fine schedule. The ordinance states in 1351.03(l)(6) that fines assessed pursuant to the progressive fine schedule may be appealed to the Board of Building Appeals. Therefore, for the purposes of the *Hudson* analysis, the progressive fine schedule must be classified as civil in nature.

{¶34} Next, the second prong of the *Hudson* test asks whether the ordinance is so punitive in purpose or effect that it amounts to a criminal penalty. Burns argues the criminal and civil penalty have the same effect of deterrence and punishment. " '[O]nly the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Martello*, 97 Ohio St.3d 398, 403, quoting *Hudson,* 522 U.S. at 100, 118 S.Ct. 488, 139 L.Ed.2d 450, quoting *Ward,* 448 U.S. at 249, 100 S.Ct. 2636, 65 L.Ed.2d 742. In order to analyze this prong of the test, the United States Supreme Court referred to the guidelines outlined in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–169, 83 S.Ct. 554, 567–568, 9 L.Ed.2d 644, 661 (1963):

> (1) "[w]hether the sanction involves an affirmative disability or restraint," (2) "whether it has historically been regarded as punishment," (3) "whether it comes into play only on a finding of scienter," (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence," (5) "whether the behavior to which it applies is already a crime," (6) "whether

an alternative purpose to which it may rationally be connected is assignable

for it," and (7) "whether it appears excessive in relation to the alternative

purpose assigned."

(Citations omitted.) *Hudson,* 522 U.S. at 493, 118 S.Ct. at 493, 139 L.Ed.2d at 459, citing

*Ward,* 448 U.S. at 249, 100 S.Ct. at 2641–2642, 65 L.Ed.2d at 749.

{¶35} In *Hudson*, the United States Supreme Court found criminal prosecutions

after the imposition of civil penalties did not violate the Double Jeopardy Clause. First, the

Court found that money penalties were not historically viewed as punishment: "the

payment of fixed or variable sums of money [is a] sanction which ha[s] been recognized

as enforcible by civil proceedings since the original revenue law of 1789." *Hudson v.

United States*, 522 U.S. 93, 104. Second, the Court held the sanctions imposed did not

involve an "affirmative disability or restraint" to the equivalent of imprisonment. *Id*. Third,

the Court examined the language of the penalty and determined the sanction did not

involve a finding of "scienter." The money penalty was assessed against any person who

violated the statute, without regard to the violator's state of mind. *Id*. Fourth, the Court

held that while monetary sanctions could be imposed for the same conduct for which

criminal penalties applied, it was insufficient to render the monetary penalties criminally

punitive. *Id*. Finally, the Court recognized that while the imposition of monetary penalties

would deter others from emulating the bad conduct, which is the traditional goal of criminal

punishment, this was insufficient to render a sanction as criminal. *Id*. The United States

Supreme Court recognized that all civil penalties have some deterrent effect. *Hudson*,

522 U.S. 93, 102.

{¶36} Based on *Hudson*, we find the progressive fine schedule in Canton Codified Ord. 1351.03(I) is a civil penalty and it is not so punitive in purpose or effect that it amounts to a criminal penalty. The progressive fine schedule does not involve an "affirmative disability or restraint" equivalent to imprisonment. The imposition of a fine can be appealed to the Board of Building Appeals. The imposition of a fine does not involve the determination of scienter. The ordinance states that a fine is imposed on any person failing to comply with a notice or order. Accordingly, we find the civil and criminal penalties in the ordinance do not violate the Double Jeopardy Clause.

{¶37} The second Assignment of Error is overruled.

### III. EQUAL PROTECTION CLAUSE AND DUE PROCESS

{¶38} Burns argues in his third Assignment of Error that Canton Codified Ord. 1351.03(I) violates the constitutional guarantees of equal protection and due process because a violator can be subject to a civil or criminal penalty. We disagree.

{¶39} The Ohio Supreme Court recently addressed the Equal Protection Clauses of both the United States and the Ohio Constitution in *State v. Klembus*, 2016-Ohio-1092, -- N.E.3d -- , ¶ 8. It stated the Equal Protection Clause guarantees that no one will be denied the same protection of the laws enjoyed by others in like circumstances. *Id.* citing *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 6 (quoting Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution). Equal protection does not forbid the legislature from making classifications but simply prohibits "treating differently persons who are in all relevant respects alike." *Id.* quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 120

L.Ed.2d 1 (1992). The standards for assessing equal-protection claims are essentially the same under the state and federal constitutions. *Id.* citing *McCrone* at ¶ 7.

{¶40} Burns argues that Canton Codified Ord. 1351.03(I) is unconstitutional on its face because it allows for differential treatment. He states the City of Canton can arbitrarily subject violators to either a criminal penalty or a civil penalty. Burns does not argue the the ordinance burdens a fundamental right or involves a suspect classification, so we apply the rational basis standard of review. *State v. Klembus*, 2016-Ohio-1092, -- N.E.3d -- , ¶ 9. Under the rational basis review, "legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them." *State v. Thompkins,* 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996).

{¶41} Burns argues the ordinance allows for prosecutorial discretion. The ordinance states that if the notice of violation is not complied with, the Chief Building Official in conjunction with the Law Director shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation. Canton Codified Ord. 1351.03(I)(7). A violator will be found guilty of a misdemeanor or civil infraction. Canton Codified Ord. 1351.03(I).

{¶42} "The use of prosecutorial discretion, in and of itself, does not violate equal protection." *State v. Wilson*, 58 Ohio St.2d 52, 55, 388 N.E.2d 745, 748 (1979). In *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the Court explained, "[t]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements." *Id.* at 125. "Just as a defendant has no constitutional right to elect which of two

applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced." *Id.*; *State v. Ballard*, 1st Dist. Hamilton No. C-140690, 2016-Ohio-364, ¶ 13.

{¶43} The purpose of the Property Maintenance Code is to ensure the health, safety, and welfare of the residents of the City of Canton is maintained in existing structures. Canton Codified Ord. 1351.02. Canton Codified Ord. 1351.03(I) allows the City of Canton to use its prosecutorial discretion, in collaboration with the Chief Building Official, to determine the appropriate proceeding at law or in equity to restrain, correct, or abate a violation to serve the purpose of ensuring the health, safety, and welfare of the residents of the City of Canton. We find Canton Codified Ord. 1351.03(I) on its face does not violate the Equal Protection Clauses or the Due Process Clause of the United States and Ohio Constitutions.

{¶44} The third Assignment of Error is overruled.

## CONCLUSION

{¶45} The judgments of the Canton Municipal Court are affirmed.

By: Delaney, J., and

Baldwin, J. concur;

Hoffman, P.J., dissents

*Hoffman, P.J., concurring in part and dissenting in part*

{¶46} I concur in the majority's analysis and disposition of Appellant's second assignment of error. I respectfully dissent from the majority's disposition of Appellant's first assignment of error.[1]

{¶47} I agree with the majority Canton Codified Ord. 1351.03(1) gives a person of ordinary intelligence fair notice failure to comply with a notice of violation will result in a misdemeanor **or** a civil infraction. Therein lies the rub.

{¶48} The ordinance is facially internally inconsistent. While one section states failure to comply with a notice of violation will result in a misdemeanor **or** civil infraction, a separate section states failure to comply will result in the violator being charged with a first degree misdemeanor.[2]

{¶49} The majority notes the civil penalties of the ordinance are outlined in a progressive fine schedule and can be appealed and the "possible" criminal penalty is a first degree misdemeanor. The majority adds the procedure whereby a decision will be made to institute the "appropriate" proceeding at law or in equity. The majority then concludes the enforcement section of the ordinance is not constitutionally vague. (Majority Opinion at ¶27).

{¶50} While the penalties may be clearly set forth, the majority itself recognizes the ordinance alerts a violator to the imposition of a fine and a "possible" criminal penalty.

---

[1] Because I would sustain Appellant's first assignment of error, I would find Appellant's third assignment of error moot.

[2] The City of Canton's notice to Appellant warned him failure to comply would result in a fine(s) and render him guilty of only a minor misdemeanor for a first offense or a fourth degree misdemeanor for each subsequent offense – which is contrary to the language of the ordinance.

It is then left to the discretion of the city officials to institute the "appropriate" proceeding against the violator.  This discretion is recognized by the majority when it states the ordinance outlines the civil penalties yet allows "[I]n the alternative," the City of Canton may pursue a criminal action. (Majority Opinion at ¶25).

**{¶51}**  I find the ordinance is not specific enough to prevent official arbitrariness or discrimination in its enforcement.  It does not state with sufficient clarity the consequences of failing to comply with the notice of violation.[3]

**{¶52}**  I would sustain Appellant's first assignment of error.

_____
HON. WILLIAM B. HOFFMAN

---

[3] In this regard the City of Canton's ordinance is different from the City of Columbiana's ordinance providing for civil penalties **and** criminal penalties.  Therefore, I find reliance on *Columbiana v. Frost*, 7th Dist. Columbiana No. 14-CO-38, 2016-Ohio-1057, misplaced.