[Cite as *State v. Torres*, 2020-Ohio-3077.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

JUAN CARLOS TORRES

    Appellant

C.A. No.     18CA011451

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.     18TRC02549

DECISION AND JOURNAL ENTRY

Dated: May 26, 2020

TEODOSIO, Presiding Judge.

{¶1} Appellant, Juan Carlos Torres, appeals from the trial court's judgment in the Oberlin Municipal Court, ordering the criminal forfeiture of his vehicle following his third conviction for operating a vehicle while under the influence of alcohol ("OVI") within the past ten years. This Court affirms.

I.

{¶2} Mr. Torres pled no contest to his third OVI offense in ten years and to driving under suspension. The trial court found him guilty of both offenses. Mr. Torres filed a written objection to the forfeiture of his vehicle, arguing that the criminal forfeiture statute for repeat OVI offenders denied equal protection and was unconstitutional. Prior to sentencing, the court held a hearing on the issue and then denied Mr. Torres' written objection. The court sentenced Mr. Torres for his convictions and, as a part of that sentence, ordered the forfeiture of his vehicle. He successfully motioned the trial court to stay execution of the forfeiture order pending appeal.

{¶3}   Mr. Torres now appeals from the trial court's judgment ordering the forfeiture of his vehicle and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING THE FORFEITURE OF APPELLANT'S VEHICLE AS R.C. 4511.19[](G)(1)(c)(v) IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED HEREIN PURSUANT TO THE EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION TWO, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶4}   In his sole assignment of error, Mr. Torres argues that R.C. 4511.19(G)(1)(c)(v) is unconstitutional, as it violates the Equal Protection Clauses of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.  We disagree.

{¶5}   R.C. 4511.19(G) provides the sentencing guidelines for OVI offenders under that statute and provides, in relevant part:

> (1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for [the] offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:
>
> * * *
>
> (c) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses is guilty of a misdemeanor.  The court shall sentence the offender to all of the following:
>
> * * *
>
> (v) In all cases, if the vehicle is registered in the offender's name, criminal forfeiture of the vehicle involved in the offense in accordance with section 4503.234 of the Revised Code. * * *

{¶6} Whether R.C. 4511.19(G)(1)(c)(v) denies equal protection appears to be an issue of first impression in this Court as well as in this state. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides: "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Article I, Section 2 of the Ohio Constitution similarly provides: "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." The Supreme Court of Ohio has stated that "[t]hese two equal-protection provisions are functionally equivalent and require the same analysis." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, ¶ 29.

{¶7} Appellate courts review constitutional challenges de novo. *State v. Celli*, 9th Dist. Summit No. 28226, 2017-Ohio-2746, ¶ 6. As a threshold matter, we must remain mindful that statutes are presumed constitutional. *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, ¶ 9, citing R.C. 1.47. "The mere fact that a statute discriminates does not mean that the statute must be unconstitutional." *Roseman v. Firemen & Policemen's Death Benefit Fund*, 66 Ohio St.3d 443, 446 (1993). In other words, equal protection does not forbid the legislature from making classifications, but simply prohibits "'treating differently persons who are in all relevant respects alike.'" *State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092, ¶ 8, quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). To find a statute unconstitutional, courts must determine "'beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Noling* at ¶ 10, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. "'[D]oubts regarding the validity of a legislative enactment are to be resolved in favor of the statute.'" *Id.*, quoting *State v. Smith*, 80 Ohio St.3d 89, 99-100 (1997).

{¶8} A party may challenge a statute as unconstitutional either on its face or as applied to a particular set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 37. Any

party raising a facial challenge must demonstrate that there is no set of circumstances in which the statute would be valid. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶ 26. "The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid." *Harrold* at ¶ 37. In an as-applied challenge, the challenger contends that application of the statute in the particular context in which he has acted is unconstitutional. *State v. Austin*, 9th Dist. Summit No. 28199, 2017-Ohio-7845, ¶ 8. Any party challenging a statute as applied bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts. *Id.*

{¶9} "In determining whether a statute is unconstitutional because it violates the right to equal protection, we must first examine the class distinction drawn to decide if a suspect class or a fundamental right is involved." *Roseman* at 447. "If no suspect class or fundamental right is involved, the classification will be subject to a 'rational basis' level of scrutiny." *Id.* A suspect class is typically defined as one saddled with such disabilities, or subjected to such a history of purposeful, unequal treatment as to command extraordinary protection, such as race, national origin, religion, and sex. *State v. Fortson*, 11th Dist. Portage No. 2011-P-0031, 2012-Ohio-3118, ¶ 40. "Recognized fundamental rights include the right to vote, the right of interstate travel, rights guaranteed by the First Amendment to the United States Constitution, the right to procreate, and other rights of a uniquely personal nature." *State v. Williams*, 88 Ohio St.3d 513, 530 (2000).

{¶10} The parties agree that the criminal forfeiture of a vehicle provided for in R.C. 4511.19(G)(1)(c)(v) involves neither a fundamental right nor a suspect class. Thus, the classification at issue here is to be reviewed under the rational basis test, which requires us to grant substantial deference to the General Assembly's predictive judgment and to uphold a statute if it

is rationally related to a legitimate governmental purpose. *See Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, at ¶ 34; *Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092, at ¶ 9. "'The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, ¶ 19, quoting *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 9.

{¶11} According to the Supreme Court of Ohio, "[i]t is well established that the government has a valid interest in combating recidivism" and "the [S]tate has a paramount interest in promoting public safety by removing drunk drivers from the highways." *Klembus* at ¶ 19; *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 54 (1990). *See also Birchfield v. North Dakota*, ___U.S.___, 136 S.Ct. 2160, 2191 (2016) ("[T]here can be no dispute that States must have tools to combat drunk driving."). This Court has likewise acknowledged that the State has a "legitimate interest in deterring impaired driving" and a "strong interest in keeping impaired drivers off the road." *Akron v. Kirby*, 113 Ohio App.3d 452, 458-460 (9th Dist.1996). Mr. Torres does not argue against the validity of these state interests, and has therefore failed to meet his burden of negating a valid state interest. *See Cordray* at ¶ 19.

{¶12} Mr. Torres instead argues that a disparate treatment between vehicle owners and non-owners within the statute is not rationally related to the aforementioned state interests. In support of his argument, he first relies on a Miami County Municipal Court decision finding a vehicle forfeiture law unconstitutional for denying equal protection to those who live in different geographical areas and own vehicles of varying financial values. *State v. Sanders*, Miami County M.C. No. 94-TRC-3104-S-PIQ (Sept. 7, 1994). The municipal court's decision in *Sanders* was later reversed, however, by the Second District Court of Appeals. *See State v. Sanders*, 2d Dist.

Miami Nos. 95 CA 11 and 95 CA 12, 1995 WL 634371 (Sept. 29, 1995), *aff'd and remanded sub nom. In re Adm. License Suspension Cases*, 76 Ohio St.3d 597, 599 (1996). Mr. Torres goes on to cite several other cases concerning equal protection claims, but they are all unrelated and easily distinguishable, as none of them deal with vehicle forfeiture issues or OVI offenders in any respect. *See Cleveland v. Huff*, 14 Ohio App.3d 207, 210 (8th Dist.1984) (concluding soliciting and prostitution ordinances denied equal protection by prohibiting identical activity and requiring identical proof while imposing different penalties); *State v. Wilson*, 58 Ohio St.2d 52 (1979) (determining that the aggravated burglary statute does not deny equal protection, as it requires the State to prove the elements of burglary along with an additional element); *Wheeling Steel Corp. v. Glander*, 337 U.S. 562, 573-574 (1949) (determining that an ad valorem tax taxing the goods of nonresidents while exempting the goods of Ohio residents denied two corporations equal protection); *State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, ¶ 2 (determining that a subsection of the sexual battery statute, in which peace officers were strictly liable for sexual conduct with minors, denied equal protection); *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 363 (1995) (determining a statute denied equal protection with its disparate treatment between adults and minors in lawsuits against political subdivisions).

{¶13} Mr. Torres has failed to meet his burden of establishing that R.C. 4511.19(G)(1)(c)(v) is not rationally related to valid state interests. The criminal forfeiture of the vehicle, only if it is registered in the repeat OVI offender's name, is the method or means by which the state has chosen to advance its valid interest in combating recidivism, promoting public safety, deterring drunk driving, and keeping impaired drivers off the road. The statute is narrowly drawn and provides, in accordance with R.C. 4503.234, extensive notice procedures as well as an opportunity for the offender to be heard at a hearing. *See Kirby* at 458. The forfeiture of a vehicle

registered in the offender's name recognizes a concerted attempt to remove from a repeat OVI offender's use a vehicle that has the highest probability of being used in any future offense. *See State v. Konrath*, 218 Wis.2d 290, 309 (Wisc.1998). Moreover, the legislature carefully chose to not provide for the criminal forfeiture of vehicles belonging to others, either stolen or borrowed by the offender, presumably because such a law would unfairly punish innocent third parties. *See State v. Erskine*, 4th Dist. Highland No. 14CA17, 2015-Ohio-710, ¶ 30.

{¶14} Although Mr. Torres argues that owners and non-owners are treated differently under this statute, and non-owners are permitted to "arbitrarily escape" forfeiture, the equal protection admonishments in the Ohio Constitution and the Fourteenth Amendment to the United States Constitution do not deny the State the power to treat different classes of persons in different ways. *Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, at ¶12, citing *Eisenstadt v. Baird*, 405 U.S. 438, 446-447 (1972). The fact that repeat OVI offenders must forfeit the vehicle if it is registered in their name, while vehicles driven by repeat OVI offenders but owned by third parties are not subject to forfeiture, does not make R.C. 4511.19(G)(1)(c)(v) irrationally related to the state's interest in reducing recidivism and combating the widespread societal problem of drunk driving along with its devastating impact and sometimes fatal results. Moreover, while Mr. Torres offers what he believes are *better* solutions to advance the state's interests—e.g., the elimination of the forfeiture penalty altogether, or the creation of a statutory scheme whereby owners and non-owners would be subject to the same monetary penalties in a forfeiture scenario—an equal protection review does not require this Court to conclude that the state has chosen the *best* means of serving a legitimate interest, only that is has chosen a rational one. *See State v. Conley*, 9th Dist. Summit No. 27869, 2016-Ohio-5310, ¶ 28. Under the rational-basis test, the Equal Protection Clause is satisfied if "'there is a plausible policy reason for the classification.'" *Id.* at ¶ 20, quoting

*Nordlinger*, 505 U.S. at 11. In light of the substantial deference we grant to the General Assembly's predictive judgment, it appears to this Court that the legislature's policy reason for the classification provided for in R.C. 4511.19(G)(1)(c)(v) is indeed plausible.

{¶15} Upon review, this Court concludes that R.C. 4511.19(G)(1)(c)(v) is rationally related to a legitimate governmental purpose and is not clearly incompatible beyond a reasonable doubt with the Equal Protection Clauses of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

{¶16} Mr. Torres' sole assignment of error is overruled.

III.

{¶17} Mr. Torres' sole assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} As the lead opinion notes, the trial court directed the forfeiture of Mr. Torres's vehicle as part of his sentence, as it was required to under Revised Code Section 4511.19(G)(1)(c)(v). I agree that we review his equal protection argument de novo.

{¶19} The parties and lead opinion concentrate on the differences between "owners" and "non-owners" of vehicles, but Section 4511.19(G)(1)(c)(v) does not actually use such language. Whether the vehicle an offender was operating during the commission of an offense is subject to forfeiture depends on whether the vehicle was "registered in the offender's name[.]" R.C. 4511.19(G)(1)(c)(v). The General Assembly has coupled forfeiture of a vehicle to its registration not ownership. Thus, a leased vehicle, which is commonly registered in the lessee's name, can be subject to forfeiture under Section 4511.19(G)(1)(c)(v) even though the lessee is not the titled "owner" of the vehicle.[1] Section 4503.234(D) also provides that a deputy registrar may not accept an application for registration of a motor vehicle if a vehicle that was registered in the person's name was criminally forfeited within the previous five years. Accordingly, I do not think focusing

---

[1] Section 4503.234(B)(2) provides an opportunity for the lienholder to avoid forfeiture of the vehicle.

only on the differences between "owners" and "non-owners" is accurate. To the extent that Mr. Torres argues that Section 4511.19(G)(1)(c)(v) unfairly punishes registered owners of vehicles while others, such as those who are driving a leased vehicle, are not subject to forfeiture, I would conclude that his argument is not supported by the language of the statute.

{¶20} Mr. Torres also argues that treating those who own their vehicles different from those who do not is not rationally related to a legitimate state interest. I disagree. When an offender owns or has a long-term lease of a vehicle, the offender has ready access to the dangerous instrument that the offender used to create a risk to the public. The State has an interest in reducing a repeat offender's opportunity to re-offend. Forfeiture also serves as an additional deterrent to repeat offenders who own or lease their vehicles not to commit another offense. *See City of Akron v. Kirby*, 113 Ohio App.3d 452, 460 (9th Dist.1996) ("The state has a legitimate interest in deterring impaired driving, and the seizure of an * * * offender's vehicle serves this interest."). It would not make sense for the State to apply Section 4511.19(G)(1)(c)(v) to repeat offenders who do not own or have a long-term lease of a vehicle because the State cannot threaten to take away something that a person does not have. In addition, as the lead opinion has explained, a statute that allowed the forfeiture of any vehicle that an offender was driving could unfairly punish innocent third parties.

{¶21} For the foregoing reasons, I conclude that the trial court did not act contrary to law when it ordered the forfeiture of Mr. Torres's vehicle. I, therefore, concur in the judgment of the lead opinion.

APPEARANCES:

PATRICK D. QUINN and RONALD A. ANNOTICO, Attorneys at Law, for Appellant.

FARAH L. EMEKA, Prosecuting Attorney, for Appellee.