The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1993), 92 Ohio App.3d 631.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920870.

Decided Aug. 11, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*Robert Gutzwiller,* for appellant.

MARIANNA BROWN BETTMAN, Judge.

The appellant, Lamont A. Ward, appeals from his conviction of aggravated trafficking in cocaine which, because the offense took place "on school premises, in a school building, or within 1,000 feet of the boundaries of any school premises," constitutes a second-degree felony, as opposed to a third-degree felony, pursuant to R.C. 2925.03(C)(1)(a) (hereinafter the "schoolyard statute"). Ward filed a motion to strike from the indictment as facially unconstitutional the schoolyard statutory language that he had "committed the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises." [1] The motion was overruled following a hearing at which neither party presented evidence. Ward subsequently withdrew his plea of not guilty and entered a plea of no contest. The trial court found him guilty and sentenced him to four to fifteen years' incarceration, which the trial court suspended, placing Ward on three years' probation. We have *sua sponte* removed this appeal from the court's accelerated calendar.

Ward's single assignment of error contends that the trial court erred to his prejudice in overruling his motion to strike language from the indictment as

---

1. Although we note that attacking the constitutionality of a statute by a motion to strike language from an indictment is somewhat novel, it is not wholly unprecedented. In *United States v. Cross* (C.A.6, 1990), 900 F.2d 66, a defendant moved to quash certain counts in an indictment on the grounds the statute to which they pertained was unconstitutional. Challenges to the constitutionality of a statute also have been presented by a motion to dismiss all or part of an indictment pertaining to that statute. See, *e.g., State v. Cook* (1987), 35 Ohio App.3d 20, 519 N.E.2d 419.

unconstitutional. In his accompanying issue for review and argument Ward alleges that the penalty enhancement for drug trafficking within one thousand feet of school boundaries is violative of the Due Process and Equal Protection Clauses of the United States Constitution.[2] Because we find that R.C. 2925.-03(C)(1)(a) is constitutional, we overrule Ward's assignment of error.

In adopting a statute involving an enhanced penalty for the trafficking of drugs in a thousand-foot zone around a school, Ohio has adopted a law similar to what is known as the "federal schoolyard statute," Section 245a, Title 21, U.S. Code,[3] which doubles the penalties for anyone convicted of selling drugs within one thousand feet of a school. We agree with the Second Appellate District in *State v. Altick* (1992), 82 Ohio App.3d 240, 611 N.E.2d 863, that in enacting R.C. 2925.03(C)(1)(a) the Ohio legislature intended to protect school children from the same dangers of drug activity as Congress did in enacting the federal schoolyard statute. There is ample federal case law analyzing and upholding the constitutionality of the federal schoolyard statute which aids us in our similar conclusion about the constitutionality of the Ohio statute.

Ward first attacks the Ohio statute on equal protection grounds. We do not agree with Ward that one of the heightened scrutiny tests should be used in our equal protection analysis. Those tests are applied where a statute implicates a suspect classification or impairs a fundamental right. *Cincinnati Bd. of Edn. v. Walters* (1979), 58 Ohio St.2d 368, 374–376, 12 O.O.3d 327, 330–332, 390 N.E.2d 813, 818–819, certiorari denied (1980), 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644. While a liberty interest has indeed been deemed a fundamental right, appellant is in error in focusing on that interest in urging a strict scrutiny analysis. The focus here is not on any deprivation of a liberty interest, but rather on the conduct which led to Ward's confinement. There is nothing protected about the trafficking of drugs. Therefore, we deem the rational basis test to be the appropriate test in our equal protection analysis of this case.

---

**2.** Appellant argues throughout the unfairness of stricter penalties for the trafficking in drugs within one thousand feet of the boundaries of the schoolyard than for trafficking in drugs outside one thousand feet of the boundaries of the schoolyard. Technically this schoolyard provision is an additional element of the offense of aggravated drug trafficking rather than an enhanced penalty provision for aggravated drug trafficking because it raises the underlying offense from a third-degree felony to a second-degree felony. See *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199; *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O. 180, 276 N.E.2d 243; *State v. Tenhundfeld* (Apr. 23, 1986), Hamilton App. No. C–850661, unreported, 1986 WL 4791. However, the effect of the schoolyard provision on Ward, and that of which he complains, is an increased or enhanced penalty and we refer to it as such in this opinion.

**3.** The federal schoolyard statute was redesignated in November 1990, as Section 860, Title 21, U.S. Code.

Legislation will be upheld against constitutional attack under the rational basis test if it furthers a legitimate state interest. Even Ward appears to concede that the state has a legitimate interest in protecting school children from drugs, and we clearly so find. However, Ward seems to argue that the schoolyard statute is overinclusive and, therefore, not rationally related to the legitimate interest of protecting school children from the trafficking of drugs, because its establishment of an enhanced penalty for drug trafficking within the thousand-foot zone punishes both drug trafficking which does not involve children in any way and drug trafficking off school property. We believe, as the court did in *United States v. Holland* (C.A.D.C.1987), 810 F.2d 1215, certiorari denied (1987), 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854, that this is viewing the state's interest too narrowly. The legislative history to the federal schoolyard statute is illustrative. Therein, Congress intended:

"to create a drug-free zone around schools; whether [Congress] chose to do so directly or indirectly is not particularly relevant. According to its sponsor, the provision was designed to 'deter drug distribution in and around schools' including transactions which 'take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments,' thereby helping to 'eliminate outside negative influences' around the school." *United States v. Falu* (C.A.2, 1985), 776 F.2d 46, 50, quoting 130 Congressional Record S.559 (Daily Ed. Jan. 31, 1984).

We believe that the legislature of Ohio, like the United States Congress, intended to " 'threaten pushers who approach our children near schools with stiff penalties.'" *United States v. Jones* (C.A.2, 1985), 779 F.2d 121, 123, quoting 130 Cong.Rec. S.559 (Daily Ed. Jan. 31, 1984). We thus find the Ohio statute is rationally related to a legitimate state interest, and is not overinclusive.

■ We next turn to Ward's due process arguments. Ward first argues that this statute fails to pass constitutional muster because it treats substantially identical criminal conduct differently. An aggravated drug trafficking charge is a felony of the third degree while aggravated drug trafficking within one thousand feet of a school is a felony of the second degree. We again disagree with Ward's analysis. This is not disparate treatment of the same conduct; it adds an additional element to the offense of aggravated drug trafficking which, if proven by the state, is a more serious felony. Even if it were only an enhanced penalty provision it would not be *per se* unconstitutional. *Wisconsin v. Mitchell* (1993), 508 U.S. ——, 113 S.Ct. 2194, 124 L.Ed.2d 436. Further, the additional element of which Ward complains is "reasonably related to its purpose of protecting children in schools from crime and drugs." *Cross, supra,* 900 F.2d at 69. See *United States v. Agilar* (C.A.2, 1985), 779 F.2d 123, certiorari denied (1986), 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609; *United States v. Nieves* (S.D.N.Y. 1985), 608 F.Supp. 1147; *United States v. Dixon* (S.D.N.Y.1985), 619 F.Supp.

1399. As explained by the United States Supreme Court in *Mitchell, supra,* " 'it is but reasonable that among crimes of different natures those should be most severely punished, which are the most destructive of the public safety and happiness.' " *Mitchell, supra,* 508 U.S. at ——, 113 S.Ct. at 2201, 124 L.Ed.2d at 447, quoting 4 W. Blackstone, Commentaries *16.

We similarly reject Ward's contention that the statute creates an improper irrebuttable presumption when penalties attached to crimes vary according to the location of the crime. So long as a presumption is rationally related to a legitimate state interest it will be upheld. Those who traffic in drugs within one thousand feet of a school commit a different and more serious offense and deserve proportionately greater punishment than those who traffic in drugs more than one thousand feet from a school. No impermissible inference is created here, but rather a legitimate and appropriate state interest is met by creating a drug-free zone around schools. See *United States v. Campbell* (C.A.4, 1991), 935 F.2d 39, 45, certiorari denied (1991), 502 U.S. ——, 112 S.Ct. 348, 116 L.Ed.2d 287; *Cross, supra,* 900 F.2d at 69; *Holland, supra,* 810 F.2d at 1220–1222; *Nieves, supra,* 608 F.Supp. at 1149.

■ In another due process argument, Ward argues that the statute is unconstitutional because of the lack of any knowledge requirement in the statute, that is, the defendant is guilty whether or not he knows he is within one thousand feet of a school. We reject Ward's argument that he must additionally know he was within one thousand feet of a school. The statute in question enhances the penalty when an additional element is proven and does not criminalize otherwise innocent behavior, as it applies only to people already in violation of a statute with a *mens rea* requirement. See, *e.g., Cross, supra,* 900 F.2d at 69; *United States v. Lewin* (C.A.8, 1990), 900 F.2d 145, 148; *Holland, supra,* 810 F.2d at 1223–1224. In other words, to violate R.C. 2925.03(C)(1)(a), a defendant must have also violated R.C. 2925.03(A), which requires knowledge of wrongdoing. Furthermore, the Ohio legislature has attached criminal liability to criminal conduct without the requirement of a culpable mental state. R.C. 2901.21(B).

Finally, Ward attempts to argue that the schoolyard statute should be stricken because it has a disparate impact on poor and black residents. However, Ward has produced no evidence whatsoever to support this contention, which must fail for that reason alone.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and HILDEBRANDT, J., concur.