[Cite as *State v. Jeter*, 2021-Ohio-2351.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN P. JETER JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0016**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 15 CR 163

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin,* Prosecutor*, Atty. Frank Bruzzese,* Assistant Prosecutor*,* 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

*Atty. Alexander Keane*, P.O. Box 92, Canfield, Ohio 44406 for Defendant-Appellant.

Dated: June 30, 2021

**Robb, J.**

{¶1}    Defendant-Appellant John Jeter Jr. appeals the decision of Jefferson County Common Pleas Court finding him guilty of having weapons while under disability, discharging a firearm on or near prohibited premises with an attendant firearm specification, and tampering with evidence.  The issue in this case is whether the attendant firearm specification to the discharging a firearm on or near a prohibited premises conviction is unconstitutional as applied because having a firearm is an element of the underlying felony.  This constitutional argument is being raised for the first time on appeal and as such, we could decline to address it.  However, in this instance, we choose to exercise our discretion and address the merits of the argument. For the reasons expressed below, the attendant firearm conviction is affirmed.  The attendant firearm specification statute is not unconstitutional as applied.

Statement of the Case and Facts

{¶2}    The state agreed with Appellant's statement of the case and facts, which is included below.

{¶3}    Appellant was indicted for having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B); carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2)(F)(1); discharging of a firearm on or near prohibited premises, a third-degree felony in violation of R.C. 2923.162(A)(3)(C)(2); and tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).   12/1/15 Indictment.   The carrying a concealed weapon and discharge of a firearm on or near prohibited premises both had attendant firearm specifications.  12/2/15 Indictment.

{¶4}    The indictment arose from events that occurred on October 24, 2015. Between 3:00 a.m. and 4:00 a.m. of that date, a firearm was discharged near Club 106 in Steubenville, Ohio.  Trial Tr. 137-138.  The suspected shooter was described as an African-American shirtless male traveling south from Club 106 towards Slack Street. Trial Tr. 143.  State Trooper Trevor Koontz observed Appellant, who fit that description, not too far from where the shots had been fired.  Trial Tr. 139, 144.  Appellant was arrested

and following his arrest, a firearm was found in the area where the officer encountered Appellant. Trial Tr. 264.

{¶5} The case proceeded to trial and at trial there were many stipulations. The parties stipulated a  gun was found in the grass in the vicinity of the apartments known as 404 South Sixth Street and 406 South Sixth Street between the hours of 3:00 a.m. and 4:00 a.m.  Trial Tr. 132.  It was also stipulated that this was the firearm that was discharged between 3:00 a.m. and 4:00 a.m. of that morning, and the firearm had one round in the chamber and one round in the magazine.  Trial Tr. 133-134, 135.  Testing revealed Appellant's DNA was on the trigger of the gun; both of Appellant's hands tested positive for gunshot residue.  Trial Tr. 135, 229.

{¶6} Shell casings were found on and near the sidewalk across the street from Club 106.  Trial Tr. 271.  Testing revealed these shell casings were fired from the gun that was found in the grass in the vicinity of the apartments known as 404 South Sixth Street and 406 South Sixth Street.  Trial Tr. 205-206.  The parties stipulated the streets (Sixth Street and South Street) across from Club 106 are public roads.  Trial Tr. 133. They also stipulated Appellant was under legal disability to possess a firearm.  Trial Tr. 97-98.

{¶7} The jury found Appellant guilty of having a weapon while under disability, discharging a firearm on or near prohibited premises with the attendant firearm specification, and tampering with the evidence.  4/19/16 Jury Verdict Forms.  He was found not guilty of carrying a concealed weapon.  4/19/16 Jury Verdict Form.

{¶8} Appellant was sentenced to an aggregate 12-year sentence.  5/12/16 J.E.; 5/9/16 Sentencing Tr. 22.  He received 36 months each for having a weapon while under disability, discharging of a firearm on or near prohibited premises, and tampering with evidence. Those sentences were ordered to run consecutive to each other.  As to the firearm specification attached to the discharging of a firearm on or near prohibited premises, Appellant was sentenced to 3 years.  5/12/16 J.E.  That sentence was ordered to be served first and consecutive to all other sentences.  5/12/16 J.E.

{¶9} Appellant appealed his convictions.

Waiver

{¶10} Prior to addressing the assignments of error, we must first address the state's waiver argument. Appellant's appeal seeks to have his conviction for the firearm specification attached to the discharging a firearm on or near a prohibited premise vacated. He contends it is unconstitutional for him to be convicted and sentenced for an attendant firearm specification where having a firearm is an essential element of the underlying offense. He asserts "allowing additional punishment based upon pre-existing essential element produces an unintended, unreasonable, and unjust result."

{¶11} Appellant did not raise his constitutional arguments to the trial court; they are raised for the first time on appeal. The state asserts the general rule is an appellate court will not consider any error that could have been raised to the trial court but was not.

{¶12} Recently, the Eleventh Appellate District has explained:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. The *Awan* waiver doctrine, however, "is discretionary." *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. "Even where waiver is clear, [an appellate] court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.*; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16 ("this court has discretion to consider a forfeited constitutional challenge to a statute * * * [where] but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice").

*State v. Stanley*, 11th Dist. Lake No. 2020-L-065, 2021-Ohio-108, ¶ 14.

{¶13} Thus, it is within this court's discretion to decide whether or not to address the constitutional issue raised. In this instance, we elect to exercise our discretion and

review the arguments. In doing so, we acknowledge that if the arguments are meritorious, the error would constitute plain error because the outcome would be different.

First and Second Assignment of Error

"The firearm specification, under R.C. 2941.145, is unconstitutional as applied to Jeter because it arbitrarily subjects him to additional mandatory and consecutive prison time for an essential element of the underlying felony charge of discharging a firearm over a public highway."

"The firearm specification under R.C. 2941.145 should not apply to an underlying felony of discharging a firearm on or near a prohibited premise because an additional punishment for an essential element of the underlying felony is an absurd result under statutory interpretation."

{¶14} Appellant sets forth as unconstitutional an applied argument; he contends R.C. 2941.145 (firearm specification statute) as applied to him in this situation is unconstitutional. He was convicted of violating R.C. 2923.162(A)(3) which states that no person shall discharge a firearm upon or over a public road or highway. Appellant was also convicted of the attendant firearm specification in violation of R.C. 2941.145. Appellant asserts that since a violation of discharging a firearm over a public road requires the use of the firearm (the firearm is an essential element of the offense) there was no way to commit the offense without the use of a firearm. Therefore, every conviction of discharging a firearm over a public road would support a conviction for a firearm specification. Appellant presents both a strict scrutiny and rational basis argument. He contends that under either test, the penalty for the firearm specification violates due process. As to strict scrutiny, he contends the penalty enhancement violates his due process because "the application of a firearm specification to an underlying felony is not narrowly tailored because it overreaches to statutes which already carry out that interest." Appellant Brief 11. As to rational basis, Appellant acknowledges that the state has a legitimate interest in deterring the use of firearms in the commission of crimes, but in this instance there is no rational relationship between the legitimate state interest and firearm specification. Appellant's Brief 11. He contends the legitimate state interest is already achieved by R.C. 2923.162, which criminalizes the discharge of a firearm over public roads.

{¶15} The state counters, arguing statutes are presumed constitutional and Appellant has failed to negate every conceivable basis for the legislation. The state acknowledges that the issue of whether a firearm specification's sentencing enhancement is an unconstitutional violation of the due process clause has not been decided by the Ohio Supreme Court or any Ohio Appellate Court.

{¶16} The state directs this court to federal case law on double jeopardy to help resolve the question. It cites the United States Supreme Court for the proposition that the double jeopardy clause does not prevent the government from attempting to prove violations of two different criminal statutes based on the same course of conduct provided that the legislature clearly intended to subject defendants to punishment for each of them. Here, the state asserts the Ohio General Assembly clearly intended to subject the defendants to punishment for each of them evidenced by the mandatory consecutive nature of firearm specifications. It additionally cites to Federal Circuit Court opinions where the firearm was an essential element of the underlying offenses and it was found there was no double jeopardy violation because there was clear legislative intent to provide cumulative punishment.

{¶17} In addressing due process, the state indicates that Appellant must demonstrate that the statute lacks a rational basis, not that it satisfies the strict scrutiny test. It concludes the rational basis test applies because the sentencing enhancement does not burden a fundamental right or target a suspect class. In concluding the statute as applied does not violate the rational basis test, it focuses on legislative intent (discouraging and preventing the use of firearms in the commission of crimes of violence) and concludes a mandatory consecutive term for the firearm specification achieves that goal.

{¶18} At the outset, it is noted that there is a strong presumption that statutes are constitutional. *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 25, citing *State v. Hoover,* 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 8 and *State v. Collier,* 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991). Furthermore, the issue before us has not been decided by the Ohio Supreme Court or any Ohio appellate court. The Ohio Supreme Court in *White* was asked to decide the issue using rational basis, but declined to address the constitutional issue because the issue before it could

Case No. 19 JE 0016

be decided on another basis. *State v. White,* 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 28, 34 (finding the General Assembly did not intend the firearm specification to apply to a police officer who fired a gun issued to him to protect himself, fellow officers, and the public from a person he thought was about to brandish a weapon).

**{¶19}** As stated above, Appellant asserts as unconstitutional an applied argument. A party may challenge a statute as unconstitutional on its face or as applied to a particular set of facts. *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. In an as-applied challenge, the challenging party "bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statut[e] unconstitutional and void when applied to those facts." *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 38. The challenging party contends that the application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14. The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it completely inoperative. *Id.*

**{¶20}** We have previously explained there are two tests used to assess the constitutionality of a statute under the Due Process Clause: strict scrutiny or rational-basis scrutiny. *State v. Kopras*, 7th Dist. Jefferson No. 17 JE 0007, 2018-Ohio-2774, ¶ 54. Heightened scrutiny only applies in cases implicating a suspect classification or fundamental right. *Arbino v. Johnson & Johnson,* 116 Ohio St.3d 468, 880 N.E.2d 420, 2007–Ohio–6948, ¶ 49 ("When reviewing a statute on due-process grounds, we apply a rational-basis test unless the statute restricts the exercise of fundamental rights." ); *In re D.C.*, 1st Dist. Hamilton No. C-180354, 2019-Ohio-4860, 149 N.E.3d 989, ¶ 32, citing *State v. Ward*, 92 Ohio App.3d 631, 633, 637 N.E.2d 16 (1st Dist.1993).

**{¶21}** The state is correct that in reviewing the as applied argument for R.C. 2941.154, the rational basis test is the applicable test. A suspect class is not at issue and neither is a fundamental right. *See Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562 (1976), quoting *San Antonio Indep. School Dist. v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278 (1973) ("[A] suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated

to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'").

**{¶22}** A statute will be found valid under the rational basis test "[1] if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and [2] if it is not unreasonable or arbitrary." (Internal quotations and citations omitted.) *Id.* While it is not enough under the rational-basis test for the government to just announce a noble purpose behind a statute, the statute will pass if it is reasonably related to any legitimate state purpose. *Arrington v. DaimlerChrysler Corp.,* 109 Ohio St.3d 539, 2006–Ohio–3257, 849 N.E.2d 1004, ¶ 38. The state has no obligation to produce any evidence to sustain the rationality of a statutory classification. *State v. McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, ¶ 22 (1st Dist.). Rather, the "party challenging the statute bears the burden to negate every conceivable basis that might support the legislation." *Id.*, quoting *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 20.

**{¶23}** The firearm specification, R.C. 2941.145, under these facts bears a real and substantial relation to the public safety. "Discouraging and preventing the use of firearms in the commission of crimes of violence constitutes a legitimate state purpose." *United States v. Khan*, 461 F.3d 477, 495 (4th Cir.2006), *as amended* (Sept. 7, 2006). The Ohio Supreme Court has previously determined the offense of the discharging a firearm into a habitation and the attendant firearm specification are not required to merge. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16. The court explained the statutes for discharging a firearm into a habitation and the firearm specification "do not state that a defendant shall not use a firearm during the commission of a crime: they state that when a firearm is used, an additional penalty will be imposed." *Id.* (indicating firearm specification is a sentencing enhancing penalty). The Ohio Supreme Court has also stated in the context of sentencing enhancements for multiple OVI convictions within a stated period of time has indicated that such enhancements are "rationally related to the protection of the public and punishment of offenders and therefore do not violate equal protection." *State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092, 51 N.E.3d 641, ¶ 1-2. Considering the merger rationale and the statement in *Klembus*, the state has a legitimate interest to deter the use of a firearm in the commission of offenses due to the

amount of damage and loss of life that can be inflicted from the use of a firearm. Likewise, an additional sentence for use of a firearm in the commission of the offense is rationally related to the legitimate purpose.

{¶24} The firearm specification in this situation does not lead to an unreasonable, or arbitrary result. Appellant admits that the Ohio Supreme Court has held that firearm specifications do not apply to all crimes involving the use of firearms. Appellant Brief 13, citing *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 2 (General Assembly did not intend firearm specification to apply to on-duty police officers.). However, he asserts that because the underlying felony of discharging a firearm over a public road already requires use of a firearm, "allowing additional punishment based upon pre-existing essential element produces an unintended, unreasonable, and unjust result." Appellant Brief 14.

{¶25} There are provisions in the revised code prohibiting receiving a sentence for an attendant firearm specification. For instance, the language of R.C. 2929.14(B)(1)(e) states:

> The court shall not impose any of the prison terms described in division (B)(1)(a) of this section or any of the additional prison terms described in division (B)(1)(c) of this section upon an offender for a violation of section 2923.13 of the Revised Code unless all of the following apply:
>
> (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.
>
> (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

R.C. 2929.14(B)(1)(e).

{¶26} In fact, this provision was specifically applicable in the case at hand. R.C. 2923.13 is the statute for having weapons while under disability. Section (B)(1)(a) addresses firearm specifications. Appellant here was found guilty of violating R.C. 2923.13 and the state indicated on the record that there is no additional prison time for the attendant specification. Sentencing Tr. 3. This is based on the language of R.C. 2929.14(B)(1)(e) because the additional factors allowing for a sentence for the attendant firearm specification were not present.

Case No. 19 JE 0016

**{¶27}** R.C. 2929.14 specially deals with carrying a concealed weapon and having a weapon while under disability and when sentences can be received for attendant firearm specifications for those crimes. The legislature, however, did not add a similar provision for firearm specifications for discharging a firearm on or near a prohibited premise in violation of R.C. 2923.162(A)(3)(C)(2). Clearly, it could have and the provisions prohibiting sentences for firearm specification for other crimes indicate it knew how to make such prohibitions. The provision of R.C. 2929.14(B)(1)(e) may have been enacted at a different time than the crime for violating R.C. 2923.162(A)(3), discharging a firearm upon or over a public road or highway. However, the General Assembly exceptions created in R.C. 2929.14(B)(1)(e) indicate it knew how to add provisions limiting firearms specification sentences and it could have made amendments to prohibit a firearm specification in this instance, but it did not do so.

**{¶28}** Furthermore, it is noted R.C. 2929.14(B)(1)(e) provides circumstances where an attendant firearm specification sentence can occur with a having a weapon while under disability sentence. This further demonstrates firearm specifications have a "real and substantial relation" to public safety and indicates the result is not unreasonable. The General Assembly considered the crimes and when firearm specifications can be attached and further the state's legitimate purpose.

**{¶29}** In conclusion, we invoke our discretion to consider the merits of the arguments raised. However, we conclude the firearm specification statute is not unconstitutional as applied to these facts. The convictions are affirmed.

Donofrio, P J., concurs.

D'Apolito, J., concurs.

Case No. 19 JE 0016

[Cite as *State v. Jeter*, 2021-Ohio-2351.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**